SMITH, Appellant, v. SMITH, Respondent. (Supreme Court, Appellate Division, Second

Department. July 28, 1904.) Jacob Neu, for appellant. J. H. K. Blauvelt, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

WOODWARD, J. (dissenting). The question fairly presented by this appeal is a new one, and seems to me to be of sufficient importance to require an expression of my reason for dissent. Rule 18 of the Supreme Court provides: "In actions for divorce, * * * the affidavit [of service of summons and complaint] * * * shall state what knowledge the affiant had of the person served being the defendant and proper person to be served, and how he acquired such knowledge. The court may require the affiant to appear in court and be examined in respect thereto, and, when service has been made by the sheriff, the court must require the officer who made the service to appear and be examined in like manner," etc. Section 3256 of the Code of Civil Procedure provides: "A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements as follows: * * * And such other reasonable and necessary expenses, as are taxable, according to the course and practice of the court, or by express provision of law." In the absence of a single decision upon the question, we cannot say what has been the course and practice of the court with respect to taxing as costs the necessary expenses resulting from sending to a distant county of the state a person who knows the defendant in a divorce proceeding to serve the summons and complaint, where the expense has been incurred in good faith in order to have such person present at the trial, in pursuance of rule 18, supra. Upon principle, the reason which demands the taxation of the expenses of printing the papers for a hearing, when required by a rule of the court, with equal force calls for the taxation of the expenses in question.

HOOKER, J., concurs in this dissent.